**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| GLEN T. EVANS, SR., | ) | CASE NO. 1:07 CV 1291 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | |
| STUART HUDSON, Warden, | ) | |
| | ) | |
| RESPONDENT. | ) | |
| | ) | |

This action is before the Court upon the Report and Recommendation of Magistrate Judge Patricia A. Hemann. (Doc. No. 16.) Petitioner Glen T. Evans, Sr. has filed his objections. (Doc. No. 18) and Respondent has filed a response (Doc. No. 19). For the following reasons, the Report and Recommendation is **ADOPTED IN PART and REJECTED IN PART** and the petition for writ of habeas corpus (Doc. No. 1) is **CONDITIONALLY GRANTED**.

**I.**

**INTRODUCTION**

On May 2, 2007, Petitioner, represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, alleging the following single ground for relief:

> Petitioner was deprived of his right to the effective assistance of appellate counsel, as guaranteed by the Sixth Amendment to the United States Constitution, based on appellate counsel's failure to raise a claim that Petitioner's sentence was imposed in contravention of the Sixth and Fourteenth Amendments to the United States Constitution.

Petitioner argues that his appellate counsel was ineffective due to his failure, on direct appeal, to challenge Petitioner's consecutive sentence for his felony convictions, which had been

imposed after the trial judge made fact-findings. Petitioner claims his sentence was in violation of *Blakely v. Washington*, 542 U.S. 296 (2004).

Respondent Stuart Hudson filed a Return of Writ on July 10, 2007. The Court referred the matter to Magistrate Judge Patricia A. Hemann for preparation of a Report and Recommendation ("R&R"). The Magistrate Judge submitted her R&R on September 26, 2007 (Doc. No. 16), recommending that Petitioner's application be denied because his sentence did not violate *Blakely* and there could, therefore, be no ineffective assistance of appellate counsel for failure to raise a *Blakely* issue.

## II.

### STANDARD OF REVIEW

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Court provides: "The judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation."

With respect to challenges to determinations made by the appellate state courts in petitioner's case, this Court has a very limited scope of review. In Section 2254(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress enacted a rebuttable presumption that a federal court may not grant habeas relief from a state court conviction if the last state court adjudicated "on the merits" the same federal law question that is presented to the federal court. Congress further created two exceptions to that bar. Specifically, a federal court may grant habeas relief where the state court adjudication is either "contrary to" or "involved an unreasonable application of" settled federal law, as decided by the United States Supreme Court. 28 U.S.C. §

2254(d)(1). Where a ruling in state court is "on the merits," this Court must give deference to the state court. *Slagle v. Bagley*, 457 F.3d 501, 514 (6th Cir. 2006); *see also McKenzie v. Smith*, 326 F.3d 721, 726-7 (6th Cir. 2003).

### III.

### FACTUAL AND PROCEDURAL BACKGROUND

On November 16, 2004, following a jury trial, Petitioner was convicted in the Cuyahoga County Court of Common Pleas on one count of aggravated murder (O.R.C. § 2903.01), two counts of kidnapping (O.R.C. § 2905.01), and two counts of felonious assault (O.R.C. § 2903.11), with fire arm specifications on all counts. On the same day, the trial judge sentenced Petitioner as follows: on the aggravated murder count, life with the possibility of parole after 20 years, plus three consecutive years for the firearm specification; on each of the kidnapping counts, three years plus three years for the firearm specifications, all to run concurrent with each other and with count 1; and on each of the felonious assault counts, four years plus three years for the firearm specifications, with the specification running concurrent with each base sentence. The sentence on the felonious assault count relating to victim Joseph Dixon (Count 5) was to run concurrent with all the others; but the sentence on the felonious assault count relating to victim Rocky George Smith (Count 4) was to run consecutive to all the other sentences. Therefore, Petitioner was sentenced to a total of 27 years to life.

Represented by counsel, Petitioner filed a direct appeal to the Eighth District Court of Appeals. He assigned the following errors:

1. The verdict of the jury finding defendant-appellant guilty of aggravated murder, kidnapping and felonious assault is against the manifest weight of the evidence.

    2.       The trial court erred in admitting the State's exhibits into evidence because they were prejudicial and cumulative.

    3.       The trial court erred in sentencing defendant-appellant to consecutive terms of imprisonment when it did not follow the statutory requirements for the imposition of such a sentence.

On September 1, 2005, the appellate court overruled each assignment of error and affirmed the judgment of the trial court.

On October 25, 2005, still represented by counsel, Petitioner filed a timely appeal to the Supreme Court of Ohio, raising the following propositions of law:

    1.       A trial court commits reversible error when it imposes consecutive sentences on a criminal defendant without making the appropriate findings of proportionality required by R.C. 2929.14(E)(4).

    2.       An appellate counsel fails to provide effective assistance of counsel when he or she fails to provide meritorious assignments of error on appeal.

The Ohio Supreme Court accepted the appeal on the second proposition of law, but ordered the case held for the decisions in *State v. Quinones* (No. 04-1771) and *State v. Foster* (No. 04-1568). On May 3, 2006, after deciding *Foster*, the Supreme Court *sua sponte* dismissed the appeal "as having been improvidently accepted pursuant to the rule relating to ineffective assistance of counsel announced in *Strickland v. Washington* (1984), 466 U.S. 668." (Doc. No. 6, Exh. 12.)

On May 2, 2007, Petitioner filed the instant application for a writ of habeas corpus asserting a single ground for relief based on *Blakely*. Respondent filed a Return of Writ (Doc. No. 6) and Petitioner filed a Traverse (Doc. No. 15).

IV.

DISCUSSION

**A. Applicable Law**

The Magistrate Judge's reasoning and the parties' respective arguments will be more easily understood if the Court first addresses certain relevant case law.

The fundamental case upon which Petitioner bases his sole ground for relief is *Blakely v. Washington*, 542 U.S. 296 (2004). Blakely pled guilty to kidnaping his estranged wife. Although the facts admitted in his plea supported a maximum sentence of 53 months, the trial judge imposed a 90-month sentence after finding that Blakely had acted with deliberate cruelty, a statutorily enumerated ground in Washington law for departing from the standard sentencing range. The Supreme Court, applying *Apprendi v. New Jersey*, 530 U.S. 466 (2000),[1] held that the "statutory maximum" for *Apprendi* purposes "is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." *Blakely*, 542 U.S. at 303-04 (emphasis in original).

---

[1] In *Apprendi*, the defendant, who had fired several shots into the home of an African-American family and made a statement that he did not want them in his neighborhood because of their race, pled guilty to a charge of second-degree possession of a firearm for an unlawful purpose, with no mention of New Jersey's hate crime statute which provides for an enhanced sentence if a trial judge finds that the defendant committed the crime intending to intimidate someone because of race. The crime carried a sentence of between five and ten years imprisonment. After the plea, the prosecutor sought an enhanced sentence and the trial judge, finding that the shooting was racially motivated, sentenced Apprendi to twelve years. The Supreme Court reversed and remanded, finding that, except for the fact of a prior conviction, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

After *Blakely*, the felony-sentencing structure under which Petitioner was sentenced in 2004, was found to violate the Sixth Amendment in the manner set forth in *Apprendi* and *Blakely*. *See State v. Foster*, 109 Ohio St.3d 1 (2006). The *Foster* court noted that "with limited exceptions, the Ohio Revised Code provides that consecutive sentences in Ohio may not be imposed except after additional fact-finding by the judge." *Id*. at 21. "[B]ecause the total punishment increases through consecutive sentences only after judicial findings beyond those determined by a jury or stipulated to by a defendant, R.C. 2929.14(E)(4) violates principles announced in *Blakely*." *Id.* at 21-22. The *Foster* court applied a severance remedy similar to that adopted in *United States v. Booker*, 543 U.S. 220 (2005)[2], and severed those portions of Ohio's statutes that required judicial fact-finding in sentencing, namely, §§ 2929.14(B), 2929.14 (C), 2929.14(E)(4), 2929.19(B)(2), and 2929.41. *Foster*, 109 Ohio St.3d at 29.

Petitioner received his consecutive sentences under § 2929.14(E)(4) after *Blakely* was decided but about fifteen months before *Foster*. Because *Blakely* was already the law at the time of his sentencing, he asserts that his appellate counsel's failure to raise a *Blakely* challenge to the judicial fact-findings which were made to justify his consecutive sentences consistituted ineffective assistance of counsel.

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court articulated a two-prong standard for establishing ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so

---

[2] Reaffirming *Blakely*, *Booker* held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 244. The *Booker* Court chose to sever those provisions of the Federal Sentencing Act which made guideline sentencing mandatory and set forth a standard of review on appeal.

>   serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction [. . .] resulted from a breakdown in the adversary process that renders the result unreliable.

**B.     The Report and Recommendation**

Magistrate Judge Hemann determined that Petitioner has exhausted all of his state court remedies and has not procedurally defaulted with respect to the sole ground he had raised. There has been no objection to these determinations and they are, therefore, **ADOPTED**.

With respect to the ground raised by Petitioner, the Magistrate Judge determined that Petitioner's counsel could not be found to be ineffective for failing to raise a *Blakely* challenge on direct appeal because Petitioner's sentence did not violate the prohibition in *Blakely* against basing sentences on judicial findings of fact. Judge Hemann quoted from the sentencing transcript as follows:

>   The Court is cognizant of the fact that these were multiple sentences that were committed and that there is no single term that would – excuse me, I have to get the words correctly here. The Court is imposing a consecutive term because it feels that consecutive terms are necessary in order to protect the public and to punish Mr. Evans; that these sentences are not disproportionate to sentences that are normally imposed for an offense like this given the offender's history of criminal convictions. And Mr. Evans, you do have a history of criminal convictions. The Court feels that this term is necessary to protect the public and to punish the offender. Obviously to protect the public from future crimes.
>   The Court finds that while there were multiple offenses that were – that took place on this evening, that the felonious assault as to Rocky George Smith must be imposed consecutively given the physical harm that was caused to this particular victim in this matter. And in order to – basically what that does is not allow you to be eligible for Parole for a period of 27 years. And I think that term is

>necessary in order to protect the public and punish you for the crimes that were committed. I also feel it is necessary because of the offense on this evening, and the fear and the physical harm that was caused to Rocky George Smith ["Smith"] under these circumstances.

(R&R at 14-15, quoting from Doc. No. 12 at 1165-66.) The Magistrate Judge pointed out that the trial court imposed consecutive sentences for two reasons, stated in the alternative: (1) to protect the public and punish Evans because of his criminal history; and (2) because of the particular harm done to the victim Rocky Smith. She concluded that the sentence did not violate the holding of *Blakely*, that "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (R&R at 15, emphasis added.) In Judge Hemann's view, since the first reason was based on prior convictions, it was consistent with *Blakely* and *Apprendi*.

To establish ineffective assistance of counsel under *Strickland*, Petitioner must show: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. Since, in the Magistrate Judge's view, there was no *Blakely* violation, she further concluded that counsel cannot be shown to have been deficient for failing to raise a meritless objection. Therefore, Judge Hemann recommended that Petitioner's sole ground for relief be overruled and his petition for writ of habeas corpus be denied.

Petitioner filed objections to the R&R, arguing that, even if the Magistrate Judge were correct that the first reason articulated by the trial judge is not a fact-finding that violates *Blakely*, the second reason definitely was a judicial fact-finding. Under Ohio law at the time, a trial judge was required to articulate at least two reasons. Therefore, Petitioner argues that the possible legitimacy of the first reason would not negate the need for a second reason and, if that second

8

reason is a judicial fact-finding, then *Blakely* was violated and his counsel was ineffective for failing to raise the issue on direct appeal.

In response to the objection, with respect to *Blakely*, Respondent interprets the Magistrate Judge's R&R as concluding that the trial court deemed Petitioner's criminal history (a permissible finding under *Blakely*), as sufficient to satisfy all of the requirements of § 2929.14(E)(4), i.e., "that the consecutive service is necessary to protect the public from future crime or to punish the offender[,] that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the publich, and [. . .] the consecutive sentences are necessary to protect the public from future crime by the offender."³ (Response, Doc. No. 19, at 3-4.)

Respondent also argues that, under *Strickland*, defense counsel's strategic, tactical decisions do not rise to the level of ineffectiveness unless "the ignored issues are clearly stronger than the ones presented." (Response, at 3, *quoting Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002).) Since *Blakely* was decided a mere five months before Petitioner was sentenced and *Foster* had not yet been decided, Respondent argues that the *Monzo* test is not met. Furthermore, even had a *Blakely* challenge been made, no prejudice can be shown because, at the time, Ohio courts were concluding that *Blakely* was not applicable to Ohio's sentencing statues. *See*, *Foster*, 109 Ohio St.3d at 17-18.

**C.    *De Novo* Review**

The statute relied upon by Petitioner, but now severed by the *Foster* ruling, stated:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms

---

³ Petitioner interprets § 2929.14(E)(4) as requiring two fact-findings, whereas the Respondent interprets it as requiring three. The Court agrees with Respondent's interpretation, although it does not affect the analysis.

9

consecutively if the court finds [1] that the consecutive service is necessary to protect the public from future crime or to punish the offender and [2] that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds [3] any one of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

Ohio Rev. Code § 2929.14(E)(4) (bracketed numbers added.)

As made clear by *Foster*, an Ohio defendant could not be sentenced to consecutive sentences without additional judicial fact-findings outlined in the statute. *See Foster*, 109 Ohio St.3d at 21-22, ¶ 67. The Ohio Supreme Court, therefore, concluded that "because the total punishment increases through consecutive sentences only after judicial findings beyond those determined by a jury or stipulated to by a defendant, R.C. 2929.14(E)(4) violates principles announced in *Blakely*." *Id.* The court went on to hold "that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than minimum sentences." *Id*. at 30.

Section 2254(d) provides that an application for writ of habeas corpus shall not be granted "with respect to any claim that was adjudicated on the merits in State court proceedings

unless the adjudication of the claim -- (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]"

Petitioner's claim that he was denied effective assistance of appellate counsel when counsel failed to raise a *Blakely* challenge on direct appeal has never been adjudicated in the State courts, although not for lack of trying. The Ohio Supreme Court accepted the appeal on the following proposition of law: "An appellate counsel fails to provide effective assistance of counsel when he or she fails to provide meritorious assignments of error on appeal." The court later dismissed the appeal, with no explanation and only a mere citation to *Strickland*, as having been improvidently granted.

At the time Petitioner was sentenced, *Foster* had not yet been decided but *Blakely* had. The Ohio sentencing statute required additional judicial fact-findings, which the trial judge did make, in order to impose consecutive sentences. Contrary to Judge Hemann's conclusion, this violated *Blakely* and, therefore, is an unreasonable application of clearly established law.

This determination is a rather close call. In *Davis v. Eberlin*, No. 5:06cv398,* 8, 2008 WL 618968 (N.D. Ohio, Mar. 3, 2008), this Court noted that "[c]onsideration of the egregiousness of a particular offender's misconduct and a determination of whether the length of a sentence will adequately protect the public are inquiries that have traditionally been reserved for a sentencing judge." Citing *Booker*, the Court concluded "that such an analysis did not require a sentencing judge to engage in impermissible judicial fact-finding." *Id*. Nonetheless, in *Davis*, the Court concluded that there were aspects of the sentencing judge's sentencing colloquy that did amount to impermissible fact-finding under *Blakely*, including the following findings: "heinous cruelty to a human being;

11

offender showed no care or dignity to a human being; offender gave many years of abominable abuse to the victim; [and the] victim suffered serious psychological and physical harm." *Id.* at *9 (quoting Journal Entry, p.1.) Therefore, even though *Foster* did not apply in *Davis*, a conditional writ was granted because of the *Blakely* violation.

Similarly, in this case, although *Foster* arguably does apply,[4] *Blakely* is the decision that guides this Court's analysis of whether impermissible fact-finding occurred. In the Court's view, some of what was stated was merely in the nature of those matters traditionally within the judge's province during sentencing (e.g., the need to protect the public and to punish the offender; history of criminal convictions); however, other parts of the sentencing colloquy included impermissible fact-finding (e.g., the fear and physical harm caused to the victim.)

The actual issue before this Court, however, is whether Petitioner's appellate counsel's failure to raise a *Blakely* challege amounted to ineffective assistance of counsel in violation of the Sixth Amendment. In order to prevail on this claim, Petitioner must show that, at the time, counsel's performance was deficient *and* that he was prejudiced as a result. The Court concludes that counsel's performance can be shown to be deficient but not prejudicial.

---

[4] The court in *Foster* expressly stated that its holding would apply "to all cases on direct review." *Foster*, 109 Ohio St.3d at 31, ¶ 106. In *Davis*, the petitioner's direct appeal was final about 19 months before *Foster* was decided. In the instant case, the Ohio Supreme Court granted Petitioner's discretionary appeal, but stayed any decision pending *Foster*. Then, three months after it decided *Foster*, the court dismissed the appeal as having been improvidently granted. Arguably, Petitioner's case was still "on direct review" at the time *Foster* was decided. That having been said, *Blakely* certainly applies even if *Foster* does not.

*Blakely* was decided five months before Petitioner was sentenced. Even though the court in *Foster* stated that "[m]ost Ohio appellate courts [. . .] determined that *Blakely* [was] inapplicable[,]" *Foster*, 109 Ohio St. 3d at 17, at the time of Petitioner's appeal, the appellate court to which he would have taken his appeal seems to have been leaning in the opposite direction.[5] *See, e.g.*, *State v. Moore*, No. 83653, 2004 WL 2252044 (Ohio App. 8, Oct. 7, 2004) (where consecutive sentences had been imposed, vacating and remanding for resentencing under *Blakely*); *State v. Mason*, No. 84061, 2004 WL 2252051 (Ohio App. 8, Oct. 7, 2004) (same); *State v. Glass*, No. 84035, 2004 WL 2071498 (Ohio App. 8, Sept. 16, 2004) (same); *see also*, *State v. Hackett*, No. 83810, 2004 WL 2252043 (Ohio App. 8, Oct. 7, 2004) (Sweeney, J., concurring); *State v. Keith*, No. 83686, 2004 WL 2425654 (Ohio App. 8, Oct. 28, 2004) (Kilbane, J. concurring in part, dissenting in part).

In light of the developing case law at the time, counsel's performance was deficient for failing to at least raise the *Blakely* issue.

The other prong of the *Strickland* analysis is more difficult. This Court can have no sure way of knowing what might have happened had Petitioner's case been remanded for re-sentencing by the state court. His conviction and sentence were affirmed on September 1, 2005, about five months before *Foster* was decided. However, given the appellate case law cited above wherein the Court of Appeals was calling sentences into question based on *Blakely*, this Court cannot say for sure that Petitioner, had he been resentenced prior to *Foster*, would have received the

---

[5] It is true that the Eighth District Court of Appeals case cited by the court in *Foster* held that *Blakely* was inapplicable. *See State v. Lett*, 161 Ohio App.3d 274 (Ohio App. 8 2005). However, *Lett* was decided on May 31, 2005, long after Petitioner's sentence and appeal in late 2004.

same sentence. Therefore, the Court concludes that counsel's failure to raise a *Blakely* issue did prejudice Petitioner.

That conclusion does not end the analysis because, currently, *Foster* is controlling law and, as a result, any ineffectiveness of counsel may have been rendered moot by the passage of time. Under *Foster*, sentencing courts no longer have to make fact-findings or even articulate their reasons for consecutive sentences. Therefore, if this Court were to require the State of Ohio to resentence Petitioner, it is possible that he could receive the same sentence for the same reasons, even though the reasons (which were impermissible fact-findings under *Blakely*) would very likely not be articulated. Even so, this Court cannot know what a sentencing court might do and, therefore, must simply rely on the analysis above that it was ineffective assistance of counsel to fail to raise the *Blakely* issue.

In light of the above discussion, the Court concludes, contrary to the R&R, that Petitioner has established the two prongs of an ineffective assistance of counsel claim.

## V.

## CONCLUSION

For the reasons discussed above, the Court **ADOPTS** the R&R to the extent that it concluded that Petitioner had exhausted his state remedies and had not procedurally defaulted on his claim, but **REJECTS** the R&R to the extent it decided that there was no ineffectiveness of counsel because there was no *Blakely* violation. Further, the Court concludes that there was a *Blakely* violation and that Petitioner has established an ineffective assistance of counsel claim.

The Court **CONDITIONALLY GRANTS** a writ of habeas corpus as to Petitioner's claim that his sentence violated *Blakely* and his appellate counsel was ineffective for failing to raise

a *Blakely* claim on direct appeal. The Court directs the State of Ohio to re-sentence Petitioner within ninety (90) days of this decision or, if an appeal is taken from the Court's ruling, within ninety (90) days of the resolution of the appeal (provided that this Court's determination stands), or release him.

**IT IS SO ORDERED**.

Dated: April 29, 2008

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**